1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL CRUZ, PATRICIA CORONA MARTIÑON, and PAUL AGUIRRE, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SARA LEE CORPORATION, SARA LEE BAKERY GROUP, EARTHGRAINS BAKING COMPANIES, INC., BIMBO BAKERIES USA, INC., and EARTHGRAINS BAKERY GROUP, INC., formerly known as SARA LEE BAKERY GROUP, INC., dba SAN LUIS SOURDOUGH,<br><br>Defendants. | Case No. CV-11-7589 GHK (AJWx)<br><br>**ORDER REGARDING CONFIDENTIALITY OF MEDIATION MATERIAL**<br><br>SAC Filed: January 27, 2012<br><br>Assigned: The Hon. George H. King |

1

DB1/ 69155482.1

Having reviewed the parties' Stipulation Regarding Confidentiality of Mediation Material (hereinafter "Stipulation"), IT IS HEREBY ORDERED:

1. This Stipulation Regarding Confidentiality of Mediation Material ("Stipulation") shall govern documents, data and information provided by Defendants in connection with any mediation of the above-captioned matter (the "Action"). This Stipulation is fully enforceable as a contract in any court of competent jurisdiction.

2. All materials subject to the protections of this Stipulation shall be stamped with the words "MEDIATION-COUNSEL ONLY" on each page (or on a CD or other external media containing data or documents), or Defendants may notify counsel for Plaintiffs in writing at the time of production that the materials shall be so designated.

3. Documents, data and information designated "MEDIATION-COUNSEL ONLY" (i) may be used only for purposes of preparing for and conducting the planned mediation in this action, and (ii) shall not be disclosed, shown, or disseminated by counsel for Plaintiffs to <u>anyone</u>, including Plaintiffs, without the prior written consent of Defendants except as permitted by paragraph 5 below.

4. Counsel for Plaintiffs and Plaintiffs agree that they shall not challenge the "MEDIATION-COUNSEL ONLY" designation of any materials produced pursuant to this Stipulation, without waiving the right to seek the same materials in discovery.

5. As to materials designated as "MEDIATION-COUNSEL ONLY," and produced to counsel for Plaintiffs in connection with any mediation in this Action, counsel for Plaintiffs shall not forward any electronic copies or hard copies of such documents or material to anyone, including Plaintiffs, other than a consulting

DB1/ 69155482.1

expert under the terms set forth below. Moreover, counsel for Plaintiffs shall not discuss the contents of such documents or material with anyone other than any jointly approved mediator during the course of mediation. Counsel for Plaintiffs may provide materials designated "MEDIATION-COUNSEL ONLY" to a consulting expert, and discuss the contents of such materials with the consulting expert, provided that (i) the consulting expert first receives a copy of this Stipulation; and (ii) the consulting expert executes the form attached hereto as Exhibit A.

6. Within forty-eight (48) hours after the conclusion of the scheduled mediation, counsel for Plaintiffs shall return to Defendants all copies of all materials designated as "MEDIATION-COUNSEL ONLY," and shall not retain any copies or electronic images. Furthermore, counsel for Plaintiffs agrees that any materials in the possession of Plaintiffs' counsel or a consulting expert, and all summaries, analyses, reports, and/or other work-product created from any materials designated as "MEDIATION-COUNSEL ONLY," shall be destroyed by Plaintiffs and/or any consulting expert(s) within forty-eight (48) hours after the conclusion of the scheduled mediation. Notwithstanding the foregoing, the Parties may mutually agree to extend the time for the return or destruction of the materials.

7. This Stipulation shall not limit any Party's right to seek further and additional protection against, or limitation upon, production or dissemination of documents, data or information.

8. Following the conclusion of any mediation in this Action, the provisions of this Stipulation shall continue to be binding and may be enforced in court.

9. The Court shall have the discretion to award the prevailing party reasonable attorneys' fees and costs incurred by the breaching party in connection with any motion or action to enforce the terms of this Stipulation.

10. This Stipulation is binding on the Parties and on all third parties who have been served with a copy of this Stipulation, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties.

### EXHIBIT "A" TO STIPULATION

I hereby certify that I have read and understand the entire contents of the STIPULATION REGARDING CONFIDENTIALITY OF MEDIATION MATERIAL ("STIPULATION") entered into between Defendants and Plaintiffs in the above-captioned litigation and attached hereto.

I hereby agree that to the extent I have reviewed, or discussed with counsel for Plaintiffs, any materials produced to counsel for Plaintiffs that were designated as "MEDIATION-COUNSEL ONLY" pursuant to the STIPULATION, that I will maintain the strict confidentiality of such material, and not provide copies of those materials to anyone or discuss with anyone other than counsel for Plaintiffs any information disclosed to me by counsel for Plaintiffs pursuant to the STIPULATION. I further agree to return all copies of materials that contain or relate to information designated as "MEDIATION-COUNSEL ONLY" (and delete from all computer systems all materials containing or summarizing data, documents or information provided to me) within 48 hours of the conclusion of the mediation. I further agree that I will not rely upon or testify regarding any of the materials, reports or analyses generated from my review of the materials, should I be designated as an expert in this matter.

Signature: _____

Name: _____

Title: _____

Date: _____

DB1/ 69155482.1

1 | IT IS SO ORDERED.

Dated: 2/27/12

_____
HON. ANDREW J. WISTRICH

DB1/ 69155482.1